IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAYDEI G. BARLEE, et al.          :          CIVIL ACTION
                                  :
          v.                      :
                                  :
FIRST HORIZON NATIONAL            :
CORPORATION, et al.               :          NO. 12-3045

MEMORANDUM

Bartle, J.                                        April 4, 2013

          Before the court is the motion of United Guaranty
Residential Insurance Company ("United Guaranty") for
reconsideration of the court's Order dated February 27, 2013
granting in part and denying in part the motion of United
Guaranty to dismiss.  In the alternative, United Guaranty moves
the court for an order certifying the issues for immediate
appellate review under 28 U.S.C. § 1292(b).

          Plaintiffs Saydei G. Barlee ("Barlee") and Barry D.
Broome ("Broome") instituted this putative class action for
alleged violations of the Real Estate Settlement Procedures Act
of 1974 ("RESPA") and common law unjust enrichment against
defendants First Horizon National Corporation ("FHNC"), First
Tennessee Bank, N.A. ("First Tennessee Bank"), First Horizon Home
Loan Corporation ("First Horizon Home Loan"),[1] FT Reinsurance

_____

1.  Until February 7, 2007, defendant First Horizon Home Loan was
a wholly-owned subsidiary of defendant First Tennessee Bank,
which was a wholly-owned subsidiary of defendant First Horizon
                                        (continued...)

Company ("FT Reinsurance"), United Guaranty, Genworth Mortgage Insurance Corporation ("Genworth"), Republic Mortgage Insurance Company ("Republic"), and Radian Guaranty Inc. ("Radian").[2]

We granted the motion of United Guaranty as to the claims of plaintiff Barlee because of lack of standing under Rule 12(b)(1).  As to plaintiff Broome, United Guaranty moved to dismiss under Rule 12(b)(6) on statute of limitations grounds. We denied the motion because Broome had adequately pleaded equitable tolling.  United Guaranty now reargues that its motion as to Broome should have also been granted.  It contends that Broome did not sufficiently allege that United Guaranty committed an act of fraudulent concealment that prevented him from discovering his claims during the limitations period.  According to United Guaranty, the equitable tolling allegation, as presently pleaded, does not vitiate the untimeliness of the complaint.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly

---

1.  (...continued)
National Corporation.  On that date, they merged with First Tennessee Bank emerging as the surviving corporation.  For the purpose of the present motions before the court, we will refer to First Horizon National Corporation, First Horizon Home Loan, and First Tennessee Bank together as "First Horizon."

2.  We granted the motions of Genworth, Republic, and Radian because the plaintiffs did not have standing to sue them under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  We denied the motion of First Horizon and FT Reinsurance under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the plaintiffs have adequately pleaded equitable tolling.

discovered evidence." Max's Seafood Café by Lou-Ann, Inc. v.
Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing Harsco Corp.
v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Accordingly,
the party seeking reconsideration must show at least one of the
following grounds:  "(1) an intervening change in the controlling
law; (2) the availability of new evidence that was not available
when the court granted the motion for summary judgment; or (3)
the need to correct a clear error of law or fact or to prevent
manifest injustice." Id. (citing North River Ins. Co. v. CIGNA
Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  United
Guaranty maintains that the court made a clear error of law or
fact and seeks to prevent manifest injustice.

     As described in the February 27, 2013 Memorandum and
Order, Broome obtained a mortgage loan from First Horizon on or
about April 10, 2008 for the purchase of his home located in
Atlanta, Georgia.  Broome was required to pay $55.19 per month
for private mortgage insurance in connection with this loan.
First Horizon selected his insurer, United Guaranty, which was
reinsured by FT Reinsurance, First Horizon's subsidiary.  Broome
instituted suit on May 31, 2012, which was over four years after
his RESPA claim accrued upon the closing of his loan transaction.

     We reiterate that Broome must allege the following to
invoke the doctrine of equitable tolling:  "(1) that the
defendant actively misled the plaintiff; (2) which prevented the
plaintiff from recognizing the validity of her claim within the
limitations period; and (3) where the plaintiff's ignorance is

-3-

not attributable to her lack of reasonable due diligence in
attempting to uncover the relevant facts." Cetel v. Kirwan Fin.
Group, Inc., 460 F.3d 494, 509 (3d Cir. 2006).  "Because the
question whether a particular party is eligible for equitable
tolling generally requires consideration of evidence beyond the
pleadings, such tolling is not generally amenable to resolution
on a Rule 12(b)(6) motion." Drennan v. PNC Bank, NA, 622 F.3d
275, 301-02 (3d Cir. 2010) (citation omitted).

       As we previously explained in our earlier Memorandum,
Broome included a section in the First Amended Complaint in
support of equitable tolling of RESPA's statute of limitations.
His allegations included the following:

            Plaintiffs and members of the putative class
            could not, despite the exercise of due
            diligence, have discovered the underlying
            basis for their claims.  Further, Defendants
            knowingly and actively concealed the basis
            for Plaintiffs' claims by engaging in a
            scheme that was, by its very nature and
            purposeful design, self-concealing.
            ...
            Plaintiffs' and the putative Class members'
            "purported" delay was excusable because they
            did not discover, and reasonably could not
            have discovered, Defendants' conduct as
            alleged herein absent specialized knowledge
            and/or assistance of counsel.
            ...
            First Horizon used its form mortgage
            documents, disclosures of affiliated business
            arrangements, and the entire artifice of a
            seemingly legitimate business arrangement, to
            affirmatively mislead Class members about the
            relationship between the reinsurer, FT
            Reinsurance, and the lender, First Tennessee
            Bank and/or First Horizon Home Loans, and to
            represent that, rather than a kickback or
            unearned fee, any payments exchanged between
            the affiliated businesses, or given to them

> from the Private Mortgage Insurer Defendants
> through referral, were for actual services
> rendered.
> ...
> Putative Class members exercised due
> diligence by fully participating in their
> loan transactions.

We held that these allegations were sufficient to plead equitable tolling.  As all parties know, this is not a decision on the timeliness of this lawsuit.  Whether the statute of limitations bars this action must await another day.

There is no reason for this court to reverse its earlier decision.  Although Broome specifically refers to First Horizon as "us[ing] its form mortgage documents, disclosures of affiliated business arrangements, and the entire artifice of a seemingly legitimate business arrangement, to affirmatively mislead Class members," he also avers that all the defendants "actively concealed the basis for Plaintiffs' claims."  Moreover, as noted above, United Guaranty was the private mortgage insurer which contracted with First Horizon on Broome's mortgage and which in turn was reinsured by FT Reinsurance, First Horizon's subsidiary.  Accordingly, there was a clear agreement between United Guaranty and First Horizon.  We do not know at this time the extent of cooperation between First Horizon and United Guaranty on those aspects of the mortgage documents involving the alleged captive reinsurance scheme.  Broome's pleading, in this regard however, is sufficient to state a plausible basis for equitable tolling.  Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007).  We will not dismiss Broome's claims against United

Guaranty at this early stage of the litigation.  Again, our decision does not end the matter because discovery will follow with United Guaranty having the right at the proper time to have this court revisit the issue.

United Guaranty also requests in the alternative that we certify our February 27, 2013 Order for immediate appeal. Pursuant to 28 U.S.C. § 1292(b), the court may do so when its decision "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  In our view, our Order does not involve a controlling question of law as to which there is a substantial ground for difference of opinion.  It is well established by our Court of Appeals that equitable tolling is "not generally amenable to resolution on a Rule 12(b)(6) motion." Drennan, 622 F.3d at 301-02 (citation omitted).  Further, it would not advance the ultimate termination of the litigation since the case would still move forward in this court against First Horizon.  The motion to certify will be denied.