# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAYDEI G. BARLEE,<br>individually and on behalf<br>of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>FIRST HORIZON NATIONAL<br>CORPORATION, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:12-cv-03045-HB<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND [PROPOSED] ORDER FOR STAY OF ALL PROCEEDINGS

Plaintiff Saydei G. Barlee ("Plaintiff") and defendants First Horizon National Corporation, First Tennessee Bank National Association (for itself and as successor by merger to First Horizon Home Loan Corporation), and FT Reinsurance Company (collectively the "First Horizon Defendants") hereby agree and stipulate as follows:

WHEREAS, in this action, Plaintiff alleges causes of action against the First Horizon Defendants for violation of the Real Estate Settlement Procedures Action (RESPA), 12 U.S.C. § 2605, *et seq.*, and unjust enrichment;

WHEREAS, in addition to other defenses, the First Horizon Defendants maintain that Plaintiff's claim are time barred under the applicable statutes of limitation;

WHEREAS, on January 17, 2014, the First Horizon Defendants filed a motion for summary judgment on statute of limitations grounds (Dkt. No. 114) (the "Motion");

WHEREAS, Plaintiff maintains that the Motion presents issues similar to those in a separate matter, captioned as *Riddle v. Bank of America*, Case No. 2:12-cv-01740-BMS (the "Riddle Action");

WHEREAS, in the Riddle Action, plaintiffs allege the same causes of action (RESPA and unjust enrichment) as are at issue in this case;

WHEREAS, in the Riddle Action, defendants filed a motion for summary judgment asserting that plaintiffs' claims were time barred under the applicable statutes of limitation;

WHEREAS, in the Riddle Action, this Court (Schiller, J.) granted defendants' summary judgment motion by order dated November 18, 2013, *Riddle v. Bank of America*, Case No. 2:12-cv-01740-BMS, 2013 WL 6061363 (E.D. Pa.) (the "Riddle Summary Judgment Order");

WHEREAS, plaintiffs in the Riddle Action appealed the judgment to the United States Court of Appeals for the Third Circuit, Case No. 13-4543;

WHEREAS, based on Plaintiff's position that the resolution of the appeal from the Riddle Summary Judgment Order will impact this Court's resolution of the Motion here, Plaintiff requested that the First Horizon Defendants agree to a stay of this matter pending the final resolution of that appeal; and

WHEREAS, subject to the approval of this Court and the terms set forth in the Stipulation below, the First Horizon Defendants do not oppose the proposed stay.

IT IS THEREFORE STIPULATED AND AGREED THAT:

1. All proceedings in this action, including all discovery of any party and/or non-party and all outstanding discovery subpoenas to any non-party, are, unless the parties jointly agree to an earlier date pursuant to Paragraph 2 below, stayed until fourteen (14) days after the latest of (a) the date of expiration of the time period within which any party to the Riddle Action

may file a petition for a writ of *certiorari* from the Third Circuit's decision in the Riddle Action, or (b) if one or more timely petitions for a writ of *certiorari* seeking review of the Third Circuit's decision is filed, the date of the final disposition by the Supreme Court of all such petitions, or (c) in the event a writ of *certiorari* is granted, the date of issuance of the Supreme Court's judgment in the Riddle Action, or (d) in the event a writ of *certiorari* is granted and the Supreme Court's resolution does something other than affirm the Third Circuit's decision in the Riddle Action, the date of issuance of the Third Circuit's mandate on remand in the Riddle Action. (The latest of the dates in subsections (a) through (d) above is referred to herein as the "Final Disposition Date.")

2.      Plaintiff and the First Horizon Defendants may jointly agree to an earlier Final Disposition Date, such as if the non-prevailing party in the appeal in the Riddle Action confirms that it will not seek a writ of *certiorari*;

3.      Within fourteen (14) days after the Final Disposition Date, the parties shall file a joint status report with this Court, setting forth their respective positions for further litigation in this action (including for the resolution of the Motion). In all circumstances, however, the parties agree that the First Horizon Defendants will have at least twenty-eight (28) days from the expiration of the stay to file, at their option, an amended summary judgment motion or withdraw the Motion without prejudice;

4.      Subject to terms of this Stipulation, upon expiration of the stay and unless and until this Court rules on the Motion (or an amended motion for summary judgment) or orders or directs otherwise, all further proceedings in this action shall be limited to those relating to the Motion;

5. Plaintiff and/or the First Horizon Defendants may seek relief from the stay by appropriate motion to this Court upon a showing of good cause;

6. This Stipulation is without prejudice to, or waiver of, any rights or defenses otherwise available to the parties in this action.

WHEREFORE, the Parties respectfully request that the Court approve this stipulation.

Dated: February 12, 2014

By: *Johnston de F. Whitman Jr. /SDH/*

Edward W. Ciolko
Terrence S. Ziegler
Johnston de F. Whitman, Jr.
Amanda R. Trask

KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiff and the Proposed Class*

By: *Stephen D. Hey*

Steve Harvey
STEVE HARVEY LAW LLC
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103
Telephone: (215) 438-6600

Thomas M. Hefferon
Brooks R. Brown
Matthew S. Sheldon
GOODWIN PROCTER LLP
901 New York Avenue NW, 9th Floor East
Washington, DC 20001

*Counsel for First Horizon Defendants*

**APPROVED BY THE COURT:**

DATE: Feb. 14, 2014

Harvey Bartle III, J
United States District Court Judge